IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael T. Stephens, ) | C/A NO. 4:08-0329-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Gary Kubic; Phillip A Foot; Charles Allen; ) | |
| Jo Ann DeBoe; Dr. Charels Bush; Nurse ) | |
| Holden; Nurse Carlisle; Susan Foot; ) | |
| Parole Agent Rowell; Southern Health ) | |
| Partners, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 5, 2009, the Magistrate Judge issued a Report recommending that the motion for summary judgment filed by Defendants Deboe, Bush, Holden, Carlisle, and Southern Health Partners, Inc. ("the Medical Defendants") be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. The Medical Defendants filed objections to the Report on January 26, 2009; Plaintiff filed objections to the Report on February 12, 2009. While styled "Objections to the Report & Recommendation of the Magistrate Judge," Plaintiff's objections are more correctly viewed as opposition to the Medical Defendants' Objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Medical Defendants' objections, and Plaintiff's "objections," the court declines to adopt the Report of the Magistrate Judge.

The Medical Defendants note in their objections, and this court agrees, that the Report errs in several respects in its citation of the record of Plaintiff's care while he was detained at the Beaufort County Detention Center (BCDC). It is clear from the attachments to the Medical Defendants' Answer (Dkt. # 19) that Plaintiff was screened by an L.P.N. upon intake at the BCDC on October 19, 2007. He complained of pain and asked to see a physician on October 23, 24, 25, and 26, 2007. Plaintiff was seen by Dr. Bush on October 29, 2007. The notes of that evaluation by Dr. Bush indicate that Plaintiff reported he was in a motor vehicle accident in September 2007, that he had fractures of the neck, clavicle, and ribs, that he had not had neck surgery, that he was "now doing well [with] neck brace," and "he will let us know about orthopedic [sic] consult at his expense." Attachment to Ans. at 31, Dkt. # 19-2 (filed Apr. 8, 2008). Plaintiff was given a complete physical and mental health examination by an R.N. on November 1, 2007. Attachment to Ans. at 23-25. The Report's citation to an evaluation for chest pain and a recommendation for an antacid

is related to a separate incident which occurred in February 2008. *See* Attachment to Ans. at 6-7. While Plaintiff may not have received the type care he desired, that is not actionable under § 1983. It is clear from the record that the Medical Defendants were not deliberately indifferent to his serious medical needs, as he was evaluated upon intake and seen and evaluated relating to his injuries ten days after his admission to BCDC.[1]

The motion for summary judgment filed by Defendants JoAnn Deboe, Dr. Charles Bush, Nurse Holden, Nurse Carlisle, and Southern Health Partners, Inc. is **granted**. This matter shall be recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 20, 2009

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-329 Stephens v. Kubic decline to adopt rr gr sum jgm med dfts delib indiff med needs.wpd

---

[1] Plaintiff's medical records also indicate that after November 9, 2007, Plaintiff did not include any complaints relating to his orthopaedic injuries or needs on any of the several sick call slips which he provided to BCDC's medical personnel. *See* Attachment to Ans. at 2-20 (Dkt. # 19-2, filed Apr. 8, 2008).

3