IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael T. Stephens, | ) | C/A NO. 4:08-0329-CMC-TER |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| Gary Kubic; Phillip A Foot; Charles Allen; Susan Foot, and; Parole Agent Rowell, | ) | |
| Defendants.[1] | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 26, 2009, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice as to Plaintiff's federal causes of action, and that if Plaintiff's claims could be construed as state law causes of action, the court should decline to exercise supplemental jurisdiction over these claims and dismiss them without prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff was given an extension of time to respond to the Report, and he thereafter filed timely objections on August 13, 2009. Plaintiff also filed a motion for appointment of counsel and a "Brief in Opposition to Defendants['] Summary Judgment Motion." Dkt. # 91 (filed Aug. 13, 2009).

---

[1] Defendants Jo Ann DeBoe, Dr. Charels [sic] Bush, Nurse Holden, Nurse Carlisle, and Southern Health Partners, Inc. were previously granted summary judgment in this matter. *See* Order (Dkt. # 70, filed Feb. 20, 2009).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order.

As previously stated in the Order of February 20, 2009, "[w]hile Plaintiff may not have received the type care he desired, that is not actionable under § 1983. It is clear from the record that the [medical personnel at Beaufort County Detention Center] were not deliberately indifferent to his serious medical needs, as he was evaluated upon intake and seen and evaluated relating to his injuries ten days after his admission to BCDC." Order at 3 (Dkt. # 70, filed Feb. 20, 2009). Moreover, medical records also indicate that after November 9, 2007, Plaintiff did not include any complaints relating to his orthopaedic injuries or needs on any of the several sick call slips which he provided to BCDC's medical personnel. *See* Attachment to Ans. at 2-20 (Dkt. # 19-2, filed Apr. 8, 2008).[2]

---

[2]Plaintiff's objections contend that he had sutures from his surgery which "needed to be removed . . . ." Objections at 2 (Dkt. # 90, filed Aug. 13, 2009). This is the first mention in any of Plaintiff's filings of any sutures, nor do any of the copies of Plaintiff's BCDC medical records refer to any sutures.

2

Plaintiff complains that Defendants Suezanne Foot[3] and Parole Agent Rowell "denied him counsel" during purported "parole violation hearings" conducted in South Carolina. This assertion has no merit.[4]

Therefore, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice as to Plaintiff's federal causes of action. Pursuant to 28 U.S.C. § 1367(c)(3), the court dismisses any remaining state law claim without prejudice.[5]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 20, 2009

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-329 Stephens v. Kubic adopt rr gr sum rest of defendants.wpd

---

[3] Incorrectly identified in the complaint as "Susan" Foot.

[4] Plaintiff also lays blame for this alleged failure at the doorstep of the South Carolina Department of Probation, Pardon and Parole Services (SCDPPPS). Even if such a claim were viable, SCDPPPS has not been named a party in this action.

[5] Plaintiff's motion for appointment of counsel (Dkt. # 92) is **denied**.

3